JONES and others, Appellants, vs. RICE and others, Respondents.

*April 13 — May 3, 1898.*

*Deed: Evidence of mental capacity to execute.*

In an action to set aside a deed executed by a person since deceased, on the ground that he was mentally incompetent when he executed it, the testimony of intelligent and disinterested witnesses, who had known him for a long time, that he seemed intelligent and reasonable at that time, and that they noticed nothing wrong with him, *held* sufficient to sustain a finding that he was mentally competent at the time he executed the deed, notwithstanding there was evidence that the year before its execution, having become despondent from business reverses, he attempted suicide, and that subsequent to his wife's death, six years thereafter, he appeared deranged and was committed to an insane asylum, where he died.

APPEAL from a judgment of the circuit court for Trempealeau county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The complaint in this action alleges that on the 19th day of January, 1881, and for a long time subsequent thereto, and until the time of his death, one John Rice was the owner in fee simple of 160 acres of land described therein, and that he died intestate on the 26th of January, 1895, leaving *Rowena E. Jones, Mary E. Jones, Delilah Jones, Martha A. Ensign,* and *Sarah J. Lampman* his heirs at law; that W. C. Rice died intestate April 14, 1892; that *Eugenia C. Rice* is his widow, and the defendants *Ada M. Rice, Lulu R. Rice,* and *Newell Rice* are his children and sole heirs at law. It alleges the administration of the estate of said W. C. Rice in the county court of Trempealeau county. It is further alleged that on January 20, 1881, and for a long time prior thereto, and at all the times thereafter until the time of his death, said John Rice was insane, incompetent, and unfit to carry on his business, or to take charge of his affairs or

property, and was unable, because of such insanity, to understand the nature and effect of a deed, and incompetent to understand or make any contract of any kind or description; that on January 20, 1881, and for a long time prior and subsequent thereto, said John Rice lived in the same house with the said W. C. Rice, and was at all times under his influence and subject to his control; and that on said 20th day of January, 1881, said W. C. Rice, well knowing that said John Rice was insane and incapable of entering into a contract, and for the purpose of defrauding and cheating said John Rice out of his property described in said complaint, wrongfully and fraudulently induced him, while so insane, to execute and deliver to him (said W. C. Rice) a certain instrument, purporting to be, and which was in form, a warranty deed, conveying the land thereinbefore described from said John Rice to said W. C. Rice. Judgment was prayed that the deed in said complaint mentioned, made by said John Rice to said W. C. Rice, be declared wholly void and of no effect. Another cause of action was embraced in the complaint, but by amendment before the trial it was abandoned and stricken out.

The defendants, by their amended answer, denied each and every allegation of the plaintiffs' complaint, except as expressly admitted or specifically set forth, and admitted that on the 19th of January, 1881, and for a long time prior thereto, John Rice was the owner of the N. E. $\frac{1}{4}$ of section 23, town 24, range 9 W., but denied that the said John Rice was the owner of said lands, or any part thereof, after January 19, 1881. They admitted that said John Rice died intestate December 25, 1894, and left surviving him, as his heirs at law, *Rowena E. Jones, Delilah Jones, Mary E. Jones, Martha A. Ensign,* and *Sarah J. Lampman;* that W. C. Rice died intestate April 14, 1892, leaving his widow, *Eugenia C. Rice,* and, as his heirs at law, three minor children, defendants in this action, to wit, *Ada M. Rice, Lulu R. Rice,* and

*Newell Rice.* And it was alleged that on the 19th day of January, 1881, said John Rice and Cynthia Rice, his wife, for a valuable consideration, executed and delivered to said W. C. Rice a good and sufficient deed of conveyance, wherein and whereby they sold and conveyed to said W. C. Rice said N. E. ¼ of said section 23, town 24, range 9, mentioned in the plaintiffs' complaint, and that W. C. Rice then and thereby became the owner thereof in fee simple, and so remained up to the time of his death.

For a further defense the defendants alleged that the plaintiffs are estopped and ought not to be allowed to say that the deed executed and delivered by the said John Rice and wife to W. C. Rice, January 19, 1881, was obtained by fraud on the part of W. C. Rice, or that it was without consideration, or that said John Rice was insane at the time of executing said deed, because they say, upon information and belief, that the plaintiffs herein, and each of them, had full knowledge of all the facts and circumstances concerning said transaction, and took part and assisted in the execution and delivery of said deed, and had never, until the commencement of this action, taken any step to have said conveyance set aside; that the actual consideration for said deed of January 19, 1881, was that the said W. C. Rice, grantee therein, was to assume and pay a certain real-estate mortgage of $800 upon the land conveyed by said deed, and that he was to assume and pay the outstanding indebtedness of the said John Rice, grantor therein, and to support the said John Rice and wife, Cynthia, during the lifetime of each, and upon their death was to pay their burial expenses; that the said W. C. Rice, and his heirs and assigns, had performed each and every obligation on their part to be performed as the consideration for said deed of conveyance; and that the said John Rice, his heirs and assigns, received, accepted, and ever since had retained, said consideration, and the plaintiffs herein, and each of them, had at all times since

Jones and others vs. Rice and others.

the execution of said deed, both by words and conduct, rec-ognized the validity thereof, and insisted upon the full pay-ment of the consideration therefor by the said William C. Rice and his heirs to the said John Rice and his heirs. Wherefore they demanded judgment that the complaint be dismissed.

At the close of the evidence the court found that on the 19th day of January, 1881, John Rice was the owner in fee simple of the quarter section of land in question, and that William C. Rice was his son, and that the latter died April 14, 1892, leaving his widow, *Eugenia C. Rice*, and three minor children, namely, *Ada M. Rice, Lulu R. Rice*, and *Newell Rice*, the defendants in this action, and that said John Rice died December 25, 1894, and left surviving him, as his heirs at law, five daughters, being the plaintiffs in this action, and the widow and children of his deceased son, William C. Rice, above named; that on the 19th of January, 1881, said John Rice and Cynthia Rice, his wife, sold said lands to William C. Rice, and executed and delivered to him a warranty deed thereof, and that they were then of the reasonable value of $2,000, and incumbered by a mort-gage of $800 given by John Rice, and as payment for said lands said William C. Rice assumed and agreed to pay said mortgage, and to pay the debts of John Rice, and to sup-port him and his wife, Cynthia, during the remainder of their lives; that William C. Rice went into the actual pos-session of said lands under said deed, and continued to oc-cupy and control the same during his lifetime, and that since his death his said widow and three children had lived upon and occupied said lands as the heirs at law of said grantee; that at the time of the execution of the said deed the plaint-iffs were each over twenty-one years of age, and married, except the plaintiff *Rowena Jones*, who was twenty years of age and unmarried; that the said William C. Rice was then twenty-nine years of age, and up to that date had always

lived at home with his parents; that the deed in question was signed by Cynthia Rice, wife of John Rice, and that she was then a strong, healthy woman, and fully understood the nature of the contract, and that the plaintiff *Rowena Jones* signed said deed as a witness, and that none of the parties interested objected to said conveyance after they knew of its execution; that said William C. Rice assumed and paid said mortgage, and paid the debts of said John Rice, and supported and maintained said Cynthia Rice to the time of her death, which occurred about September 3, 1887, and supported and maintained the said John Rice to the time of his death, except what aid he received in the asylum; that said John Rice was of a retiring disposition, and at times despondent, and on or about the 9th day of October, 1880, he attempted to commit suicide; that after the death of his said wife, Cynthia, the said John Rice appeared to be deranged, and about the month of November, 1887, was committed to the asylum for the insane, where he remained until the time of his death; that although the said John Rice was at times despondent, yet at the time he sold said lands and executed the deed in question to William C. Rice he was sane and mentally competent, and that he had the mental ability to exercise reasonable judgment in regard to the matter, and he knew and fully comprehended the nature and effect of the transaction; that no fraud, duress, or undue influence was practiced by said William C. Rice, nor by any one for him, to procure the execution of said deed, but that in the sale of said lands and in the execution of said deed the said John Rice acted understandingly, and of his own free will.

As conclusions of law, it was found that the deed in question was a valid conveyance of said lands from John Rice to William C. Rice, and that the defendants were entitled to judgment against the plaintiffs for their costs and disburse-

ments in the action; and judgment was rendered thereon in favor of the defendants, and for costs.

In the brief for appellants, it is stated that the principal point on which they rely to reverse the judgment is that the findings of the circuit court are not sustained by the evidence; and this is followed by the further statement that there is but one question of fact that is really disputed, and that is whether or not John Rice at the time he executed the deed in question was in a condition of mind so that he could execute a valid conveyance. It was conceded that there was no substantial dispute in regard to any of the other facts in the case.

For the appellants there was a brief by *E. B. & R. E. Bundy*, and oral argument by *E. B. Bundy*. They argued, among other things, that there was evidence of facts sufficient to throw upon the defendants the burden of showing that the transaction was fair, which they had failed to do. When an old, infirm, and sick man gives all that he has to one of his children, disinheriting the rest, the one getting the property should not complain if called upon to show how and why it was so done. *Davis v. Dean*, 66 Wis. 100; 27 Am. & Eng. Ency. of Law, 489; *Giles v. Hodge*, 74 Wis. 360.

For the respondents there was a brief by *C. W. Gilman* and *S. G. Gilman*, and oral argument by *S. G. Gilman*.

PINNEY, J. The only question presented on this appeal is the single disputed question of fact, whether at the time of the execution and delivery of the deed of the premises in dispute by John Rice and wife to his son, William C. Rice, on or about January 19, 1881, said John Rice was sane and mentally competent to execute and deliver the same. The plaintiffs alleged in their complaint that at the time the said John Rice was insane, and incompetent to make any contract, or to understand the nature and effect of a deed, and

incompetent and unable, by reason of want of competent understanding, to enter into or make a contract of any kind or description whatever, and that upon the death of said John Rice, intestate, January 26, 1895, the premises described in said deed descended to the plaintiffs, as his heirs at law.   The action was commenced September 7, 1896. Whether John Rice was competent to execute and deliver the deed in question at the time named was a point to which very considerable evidence was directed, which upon examination falls far short of showing that at the time in question he was incompetent to execute and deliver the deed of the lands in dispute to his son, W. C. Rice, or that he was then insane, or incompetent to make and execute a valid deed of conveyance of real estate.   The trial judge heard the evidence of the witnesses examined on this question, and had the means of arriving at a correct judgment thereon, which we do not possess.   There is evidence, which the trial judge seems to have regarded as entirely credible and satisfactory, to show, not only the mental competency of John Rice, but that the deed was made with due deliberation, and for an adequate consideration paid and agreed to be paid by W. C. Rice, and received and enjoyed by John Rice in his lifetime, and that no objection or question was made by him in his lifetime in respect thereto, or by his heirs since his death, until about the time this action was commenced.   In view of the evidence contained in the record, and the facts found by the trial court upon what appears to be sufficient evidence, we feel compelled to hold that the plaintiffs have failed to make out a case entitling them to any relief.

The burden of proof was on the plaintiffs, and we think, from an examination of the evidence, that the plaintiffs failed to satisfactorily establish the ground upon which they based their claim to relief.   Witnesses, apparently intelligent and disinterested, who had known John Rice for a long time, tes-

tified that he seemed intelligent and reasonable, and that they did not notice anything wrong with him mentally. The evidence tends to show that he had been unsuccessful in business transactions, and had failed to account for and pay over the moneys he had received as town treasurer of the town in which he resided. In general, the evidence is to the effect that he had been unfortunate in business affairs, and had become quite despondent, and that October 9, 1880, he attempted to commit suicide; that his wife died about September 3, 1887, and thereafter he appeared to be deranged, and subsequently, in the month of November in that year, he was committed to the asylum for the insane, where he remained until the time of his death, which occurred December 25, 1894. The fact that John Rice worried over the unfortunate condition of his affairs, and that he attempted to commit suicide, as against the evidence in the record, is wholly insufficient to show that at the time he executed and delivered the deed to his son, W. C. Rice, he was insane, or mentally incompetent to execute and deliver said deed. Various matters were given in evidence, having a bearing on that question more or less direct or remote; but it is not material to extend this opinion by a lengthy statement or review of the evidence, which cannot, in any view of it, serve any useful purpose.

We think that the trial court arrived at a correct conclusion on the question, and this conclusion requires the affirmance of the judgment of the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.